Alfonso de Cumpiano, Juez Ponente
*1039 TEXTO COMPLETO DE LA SENTENCIA
Maderas 3-C, Inc. (Maderas) solicita la revocación de la sentencia sumaria dictada por el Tribunal de Primera Instancia que desestimó la demanda presentada por aquélla contra Pego Investment Corp. (Pego) sobre sentencia declaratoria y cumplimiento específico de obligaciones contractuales respecto a un arrendamiento entre las partes. Alega Maderas que no procedía dictar sentencia sumaria por existir controversia sobre un hecho esencial y material.
Examinada la sentencia sumaria apelada, las posiciones de las partes, los documentos y escritos del expediente y el derecho aplicable, concluimos que no cometió error el tribunal en su dictamen y que procede confirmarlo.
I
Los hechos pertinentes que el tribunal determinó no son objeto de controversia son los siguientes. En 1983 Felipe Segarra Investment Corporation arrendó un inmueble de su propiedad a Maderera 2000, Inc, corporación predecesora de Maderas 3-C, Inc. El contrato de arrendamiento fue cedido, al venderse el inmueble, a Pego y Maderas sustituyó a Maderera 2,000 Inc. como arrendataria. El 24 de enero <íe 1990, Maderas y Pego suscribieron documento titulado "Novación de Contrato de Arrendamiento" mediante el cual pactaron ratificar todas las cláusulas del contrato original de 1983 excepto sus cláusulas número dos (2) y tres (3) las cuales se novaron por el documento.
La cláusula dos (2) del contrato original establecía el término de cinco (5) años, los cánones escalonados y las fechas a las que aplicarían, más la obligación de la arrendataria de pagar la mitad de las contribuciones sobre la propiedad. La cláusula tres (3) establecía el derecho a prórroga por cinco (5) años adicionales, el canon, más la obligación de la arrendataria del pago de la mitad de las contribuciones sobre la propiedad. Las nuevas cláusulas modificativas de las cláusulas dos (2) y tres (3) extendieron el término del arrendamiento hasta el 31 de marzo de 1998 y los cánones escalonados a pagarse hasta la expiración del contrato. Se estableció además la obligación de la arrendataria de reconstruir el inmueble destruido por un fuego.
En 1998 el Sr. Carlos Cuebas Castro, presidente de Maderas, le notificó al Sr. René Hernández Arrencibia, presidente de Pego, que como el contrato de novación ratificaba el anterior, estaba haciendo uso de su derecho a prorrogar el contrato de arrendamiento por un canon de $6,500.00 mensuales, a tenor con la cláusula tres (3) del contrato original. El señor Hernández Arrencibia contestó al señor Cuebas Castro que su interpretación del contrato de novación era errónea, que el término del arrendamiento expiraba el 31 de marzo de 1998, por lo que si interesaba permanecer en la propiedad tendría que pagar un canon mayor y de no interesal- un nuevo contrato, debería desalojar la propiedad en el término de diez (10) días.
Maderas presentó la demanda objeto de este caso en solicitud de sentencia declaratoria y cumplimiento específico del contrato, la que fue desestimada por sentencia sumaria fundamentada. Inconforme, Maderas recurre a este Tribunal, alegando que no procedía la disposición del caso por la vía sumaria cuando existía controversia de hechos, pues era necesario interpretar cláusulas contractuales y que el tribunal erró al declarar sin lugar sus mociones de reconsideración y de determinaciones de hechos adicionales.
*1040 n
Corresponde resolver, en primer lugar, la procedencia de la sentencia sumaria en el caso. En la resolución recurrida el tribunal señaló los hechos que no están en controversia y el derecho aplicable para su dictamen sumario. La Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que una sentencia sumaria procede si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, demuestran que no hay controversia real sustancial en cuanto a hecho material alguno y que como cuestión de derecho procede dictar sentencia sumaria a favor de cualesquiera de las partes. Sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes y determine que no es necesaria una vista evidenciaría. Audiovisual Language v. Natal Hermanos, _ D.P.R. _ (1997); 97 J.T.S., 147, pág. 400.
El mecanismo de sentencia sumaria tiene como objetivo principal la terminación de una controversia sin la necesidad de que se celebre juicio. Por consiguiente, la moción solicitando que se dicte sentencia sumariamente obliga a que se presente prueba que se utilizaría durante el juicio en respaldo de las alegaciones, la que de no ser adecuadamente refutada, permite que se disponga el pleito a favor de alguna de las partes. Cuadrado Lugo v. Santiago Rodríguez, 126 D.P.R. 272, 278 (1990). Sólo debe concederse cuando se haya establecido claramente el derecho del que la solicita y se haya demostrado que la otra parte no tiene probabilidad de prevalecer bajo ninguna situación que surja de las alegaciones no refutadas por los documentos presentados con la moción. Casto Soto v. Hotel Caribe Hilton, 137 D.P.R. _ (1994), 94 J.T.S. 128, pág. 311; J.A.D.M. v. Centro Comercial Plaza Carolina, 132 D.P.R. _ (1993), 93 J.T.S. 26, págs. 10439-40.
Como regla general, la interpretación de cláusulas contractuales no constituye una controversia de hechos, sino de derecho, que no impide que se dicte sentencia sumaria. Como excepción a esa regla, existe la doctrina al efecto de que cuando determinada cláusula de un contrato es ambigua, se convierte en admisible prueba oral o extrínseca en tomo a la comprobación de la intención de las partes, y si esa prueba da lugar a una controversia real sobre los hechos, no procedería una sentencia sumaria, aunque sí podría ser dictada una sentencia sumaria si las cláusulas en cuestión no son ambiguas. Cirilo Ocasio v. San Juan Dock Co., 75 D.P.R. 930, 937-938 (1954).
El presente caso trata de la interpretación de los términos de los contratos otorgados por las partes, específicamente, en cuanto a si subsistía la prórroga de cinco (5) años dispuesta en el contrato original y el canon aplicable. Las posiciones de ambas partes ante el tribunal apelado consistieron en la argumentación de los fundamentos legales respecto a sus interpretaciones de las obligaciones surgidas de las cláusulas que modificaron el contrato otorgado en 1983. Tanto los escritos de las partes como la documentación que sometieron van dirigidos a su interpretación de las cláusulas. No obstante, tanto ante el foro apelado como ante este Tribunal Maderas arguye que existe controversia respecto a la interpretación de los contratos bajo el argumento que pagó la mitad de las contribuciones sobre la propiedad a pesar de que esa obligación no se incluyó en las cláusulas modificadas sino que subsitió del primer contrato. Arguye que ese hecho demuestra que las palles reconocieron la existencia de obligaciones bajo el contrato original, aunque el documento de novación no las mencionara expresamente. Señalamos que ese argumento no establece controversia de hechos materiales respecto al acuerdo principal en cuanto al término de duración del contrato. Téngase presente que este caso surge por el reclamo de Maderas de prorrogar el contrato y no por el pago de la mitad de las contribuciones, lo que no fue objeto de controversia en este caso. En otras palabras, el pago de la mitad de las contribuciones por Maderas no es motivo para adoptar su posición de que subsistió la cláusula de prórroga.
Coincidimos con el tribunal apelado que Maderas no ha demostrado la existencia de controversia de hechos materiales que haga improcedente la sentencia sumaria y determinamos que, conforme a los principios antes enunciados, estamos frente a la interpretación de cláusulas contractuales no ambiguas, cuya disposición depende del derecho aplicable a tenor de los claros términos contractuales. Por tanto, no cometió error el tribunal al utilizar el mecanismo sumario para resolver el caso.
ni
Procede que consideremos lo dispuesto en las cláusulas de los contratos referentes al derecho de prórroga, que dieron lugar a la demanda y su interpretación por el tribunal.
*1041 La cláusula tres (3) del contrato de arrendamiento suscrito en 1983, disponía:

"3) LA ARRENDATARIA podrá prorrogar el término de dicho arrendamiento por un PERIODO DE CINCO (5) AÑOS ADICIONALES, a razón de TRES MIL QUINIENTOS DOLARES ($3,500.00) MENSUALES, más la mitad del pago del recibo de contribución de la propiedad que corresponda a la propiedad arrendada, así como cualquier aumento que sobre dicha propiedad pudiera imponerse sobre la vigencia de este contrato."

Apéndice al recurso de apelación, pág. 18. El documento de novación dispone en su parte pertinente:

"QUINTO: Que los términos del Contrato de Arrendamiento celebrado el diecisiete (17) de marzo de mil novecientos ochenta y tres (1983) y elevado a escritura pública, posteriormente, según se ha expresado, son ratificados íntegramente en este acto por ambas partes con la sola salvedad de las novaciones que se detallarán más adelante.

SEXTO: Que como consecuencia de un fuego que se produjo el veinticinco (25) de septiembre de mil novecientos ochenta y nueve (1989) en el inmueble, "LA ARRENDADORA" y "LA ARRENDATARIA" han convenido enmendar el Contrato de Arrendamiento vigente novándolo en los siguientes puntos:

A. Se modifican los apartados dos (2) y tres (3) del Contrato de Arrendamiento extendiéndose el término de arrendamiento hasta el día treinta y uno (31) de marzo de mil novecientos noventa y ocho (1998).

B. Se establece que el canon de arrendamiento que pagará "LA ARRENDATARIA" a "LA ARRENDADORA" por el uso y disfrute de los locales será de CINCO MIL DOLARES SIN CENTAVOS ($5,000.00) mensuales durante los meses de enero a junio de mil novecientos noventa (1990), ambos inclusive; CINCO MIL QUINIENTOS DOLARES SIN CENTAVOS ($5,500.00) durante los meses de julio a diciembre de mil novecientos noventa (1990), ambos inclusive; a partir del día primero de enero de mil novecientos noventa y uno (1991) hasta la expiración del contrato, la renta a pagarse será de SEIS MIL QUINIENTOS DOLARES SIN CENTAVOS ($6,500.00) mensuales."

Apéndice al recurso de apelación, pág. 8
Resulta claro de los textos transcritos que en el documento de novación de 1990 las partes convinieron mantener vigentes todas las cláusulas del contrato de 1983 con excepción de las cláusulas dos (2) y tres (3) que fueron enmendadas. Esta tercera contenía lo referente al derecho de prórroga del arrendamiento que reclama Maderas. En el documento de novación se incorporaron las cláusulas que enmendaban aquéllas. Las nuevas cláusulas que tomaron el lugar de las anteriores, denominadas A y B, nada dispusieron sobre el derecho de prórroga que antes existía. Acorde con los principios enmarcados en el Código Civil y mencionados en la sentencia apelada, si los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. Art. 1233, 31 L.P.R.A. sec. 3471. Es claro en este caso que la facultad de prorrogar el contrato por la arrendataria quedó eliminada mediante las enmiendas realizadas en el acuerdo de novación. Este file de naturaleza modificativa en cuanto a que varió parte de las condiciones del contrato anterior, que subsistió, salvo por las cláusulas específicas referentes a la duración del contrato y el canon aplicable. Veánse artículos 1157 y 1158 del Código Civil, 31 L.P.R.A. secs. 3241 y 3242. No hay base alguna para la interpretación que formula Maderas en cuanto a que subsistió la prórroga, la que resulta ser contraria a los acuerdos de las partes plasmados en las cláusulas contractuales en consideración.
IV
En conclusión, no están presentes en el caso controversias de hechos materiales; trata éste de la interpretación de claras cláusulas contractuales y como cuestión de derecho, procedía el dictamen sumario de desestimación.
En atención a esa conclusión, resultan inconsecuentes los errores adicionales presentados por *1042 Maderas referentes a la procedencia de las mociones de determinaciones de hechos adicionales y de reconsideración. Es bien sabido que el tribunal tiene discreción para acoger o denegar estas mociones. Más aún, al examinar ambas mociones notamos que la de determinaciones de hechos adicionales solicita hechos que ya estaban contenidos en la sentencia, otros irrelevantes y otros que no podían ser añadidos porque contenían conclusiones de derecho incongruentes con la sentencia; y en cuanto a la de reconsideración, ésta reitera la existencia de una controversia de hechos, lo que file correctamente rechazado por el tribunal en su sentencia. Apéndice al recurso de revisión, págs. 91 y 94. En definitiva, el tribunal no abusó de su discreción al denegar ambas mociones.
V
En virtud de los fundamentos aquí expuestos, se confirma la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General